106 F.3d 383
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Frances L. CRAWFORD, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR and Bath Iron Works
Corporation, Respondent.
 No. 96-2054.
 United States Court of Appeals, First Circuit.
 Jan. 27, 1997.
 
 Gary Gabree with whom Stinson, Lupton, Weiss & Gabree, P.A. was on brief for petitioner.
 Stephen Hessert with whom Norman, Hanson & DeTroy was on brief for respondent.
 Before STAHL, Circuit Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Frances L. Crawford seeks review of a final order of the Benefits Review Board ("the Board") affirming a decision of an administrative law judge ("ALJ") that denied her claim for disability benefits under the Longshore and Harbor Workers' Act ("the Act"), 33 U.S.C. §§ 901 et seq. The ALJ's decision was affirmed as a matter of law when the Board did not act on the appeal within a year.[1] Thus, the Board left undisturbed the ALJ's ruling that Crawford was not entitled to benefits under the Act because she fell within the occupational status exclusion set forth in 33 U.S.C. § 902(3)(A) (excluding from term "employee" "individuals employed exclusively to perform office clerical, secretarial, security, or data processing work").
 
 
 2
 "[T]he ALJ's findings of fact are conclusive if supported by substantial evidence in the record considered as a whole." Levins v. Benefits Review Bd., U.S. Dep't of Labor, 724 F.2d 4, 6 (1st Cir.1984). We may, however, review the Board's order for errors of law. See id. Here, the ALJ supportably found that, as a "computer operator clerk," Crawford spent most of her time in front of a computer terminal and the rest filing and carrying magnetic tapes to and from the computer room. Her subsequent position as a "technical clerk" required her to file, roll and catalogue blueprints, take blueprints to a reproduction office and to the mailroom of the Supervisor of Shipbuilding's office, and to read blueprint measurements over the telephone to engineers when they did not have the blueprints with them. Such duties indicate that Crawford plainly falls within the "clerical employee" exclusion found in 33 U.S.C. § 902(3)(A).
 
 
 3
 Affirmed.
 
 
 
 [1]
 See Omnibus Appropriations for Fiscal Year 1996, Pub.L. No. 104-134 (enacted April 26, 1996)